The opinion of the Court was delivered by
WitheRs, J.
The case is one of trespass vi et armis, for killing a negro. The plea is the general issue. The verdict was for defendants, notwithstanding the jury were instructed *73 that upon the state of the pleadings the verdict should be for the plaintiff, in some amount.
Evidence was received for defendants, without objection, tending to show that in pursuance of the permission or rather the request of the plaintiff, the defendants went in pursuit of a gang of desperate runaway slaves, one of whom was Jack, who was killed. It appears that a confession, or some account of the transaction, before a Coroner’s inquest perhaps, by one or more of the defendants, was adduced by the plaintiff to fix legal blame and responsibility upon them, and out of this testimony an argument-was raised and pressed for them, that there was no wanton conduct on their part. Of course it is to be understood the jury were instructed, that the evidence for defendants could be only in mitigation of damages, but their verdict has given it the force and effect of a justification.
The question is, must there be a new trial, and if so must the rule be declared, that upon the general issue and the evidence adduced, the verdict should have been for the plaintiff and for the value of the.negro?
Our rules as to evidence receivable under the general issue in trespass are those of the English Courts prior to the recent modifications of their practice and pleadings. That is to say, every defence admitting the defendant to have been prima facie a trespasser must be specially pleaded; matters going to show he never committed a trespass properly come under the general issue: what cannot be pleaded and would yet be matter of complete defence, or in mitigation of damages, must be received under that plea. We have also a familiar rule of law, that for the destruction of personal property, without legal excuse or justification, the value of it is the measure of damages ; for which Richardson vs. Dukes, 4 McC. 156, and Bailey vs. Jeffords, 2 Spear 272, are examples.
Yet these principles do not meet, fully and precisely, the condition of the present case, as it comes to this Court. Supposing the evidence received be such as, not arising out of the res gestee, (vide 2 Greenl. Ev. Sec. 93,) could have been excluded *74 eyen in mitigation of damages, still it was received by acquiescence of the plaintiff, and its influence on the jury shows, that if it had reached them under a proper special plea, it would have worked a justification of the defendants. If we were to send the case back, it would be incumbent upon the Court to allow the addition, in behalf of defendants of a special plea which would serve to let in the matters of excuse or justification, (as the case might be,) which the jury have regarded as so meritorious. If another jury were to take the like view of it, the condition of the plaintiff would not be improved.
Nor have we any reason to conclude they would not.
Without affirming that the apex juris alone supports the plaintiff’s case here, (as in Elwell vs. Bradham, 2 Spears 168, which was not a case of the destruction of personal property, but only a slight trespass on the person, and warranting no more than nominal damages) yet the finding of the jury does place •this case on such footing, as enables us to look to the merits of it, with a view to that sound discretion over the question of new trial which is not cramped by the rigid force of unbending law. If We place the plaintiff in the situation which is prescribed in the orders that will be subjoined, he will have the benefit of the rule laid down for him on the Circuit, as set forth in his first ground of appeal; and though deprived of that which is claimed in the second, it will be only because on a second trial, with the position of the defendants changed by the leave that would and ought to be accorded to them, it is not probable the plaintiff would stand in so good a condition as that he will be placed in now.
It is ordered, that a new trial be granted unless the'defendants shall, on or before the second Monday in January next, cause to be regularly entered, on the record and ji. fa. in this case, satisfaction for the costs demandable by them of the plaintiff.
It is further ordered, that in default of the same, the plaintiff have a new trial, without prejudice; and the defendants, in such *75 case, have leave to file, in addition to their plea of the general issue, a special plea, as they may he advised.
Wardlaw and Whitnee, JJ., concurred.
Fkost, J., concurred in the result.
New trial ordered, nisi.